### THE PORT ADELAIDE.

### JAMISON v. PERRY.

(Circuit Court of Appeals, Second Circuit.    June 7, 1894.)

#### No. 148.

SHIPPING—CHARTER PARTY—RIGHT TO EXTRA FREIGHT EARNED.

By the terms of a charter party, the charterer was entitled to the whole cargo capacity of the vessel, and the services of her officers and crew, for the specified voyage. The master, without the charterer's permission, used the vessel on part of the voyage for carrying cargo for third persons. *Held*, that the charterer might recover the freight thereby earned, less the expenses incurred in earning it, by libel against the vessel. 59 Fed. 174, modified.

Appeal from the District Court of the United States for the Eastern District of New York.

This was a libel by Edward Perry against the steamship Port Adelaide (David E. Jamison, claimant) for freight received by said steamship while under charter to libelant, and for damages for breach of the charter party. The district court rendered a decree for libelant. 59 Fed. 174. Claimant appealed.

J. Parker Kirlin, for appellant.

David Thomson, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. By the terms of the charter party, the whole cargo capacity of the steamship, and the services of her officers and crew, belonged to the libelant for the specified voyage. If it had been intended to reserve to the shipowner any part of the vessel for the purpose of carrying cargo, that intention would doubtless have been expressed in the contract, but instead the charter party was for "the whole of the vessel." Under such a contract the master had no right, without the permission of the libelant, express or implied, to use the vessel upon any part of the voyage for carrying cargo for third persons. Having done so, however, and earned freight thereby, the libelant, if he saw fit to adopt the

master's act, became entitled, upon the plainest principles of law, to the freight earned. We fully agree with the views expressed in the opinion of the learned district judge as to the right of the libelant to recover the amount of freight. But the amount earned was $500, and not $950, and there is no evidence in the record which justifies a finding that the expenses incurred in earning the freight were not as stated in the testimony of the master.

The decree should be modified accordingly, and the cause remitted, with instruction to the court below to decree for the reduced amount, with interest and costs of the district court; the appellant to have costs of this appeal. Ordered accordingly.