**COMMERCIAL METALS COMPANY, Plaintiff,**

v.

**INTERNATIONAL UNION MARINE CORPORATION, Defendant.**

**No. 67 Civ. 4702.**

United States District Court,
S. D. New York.

Nov. 4, 1970.

Burlingham, Underwood, Wright, White & Lord, New York City, for plaintiff; Gerard Harrington, Jr., New York City, of counsel.

Dunn & Zuckerman, New York City, for defendant; Morton Zuckerman, New York City, of counsel.

MANSFIELD, District Judge.

In this claim by a charterer against a shipowner for breach of a charter party contract, which is presently the subject of an arbitration proceeding, see 294 F. Supp. 570 (S.D.N.Y.1968), defendant has moved pursuant to 9 U.S.C. § 7 and Rule 45(b), F.R.Civ.P., to vacate and quash a subpoena duces tecum issued by the arbitrators directing it to produce certain records showing profits earned by it from its alleged wrongful use of the ship during the period when it was under charter to plaintiff. For the reasons stated below the motion is denied.

In the first place we would not be likely to interfere with the arbitrators' exercise of their broad powers with respect to damages, at least as long as the evidence sought could conceivably be relevant to their inquiry. See Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama, 284 F.2d 419, 421 (2d Cir. 1960); Transpacific Transport Co. v. Sirena Ship. Co., 9 App.

Div.2d 316, 193 N.Y.S.2d 277 (1st Dept. 1959).

Although the usual measure of damages for breach of a charter party contract appears to be the difference between the amount of the charter hire and the cost of replacement, The Ada, 239 F. 363 (S.D.N.Y.), revd. on other grounds, 250 F. 194 (2d Cir. 1918), defendant concedes that plaintiff, if unable to obtain a replacement, would have been entitled to its lost profits. The Ada, *supra* at 364. Furthermore, there is some indication that maritime law might permit the charterer, at least where the breach of contract was deliberate, to recover the profits derived by the wrongdoing owner from its use of the ship to which the charterer was entitled. The Port Adelaide, 59 F. 174 (S.D.N.Y.1893), affd., 62 F. 486 (2d Cir. 1894). See also American Law Institute, Restatement of the Law of Contracts, Vol. I, §§ 331, 332 (1930 ed.).

Since it appears that the records which are the subject of the subpoena might be relevant to the arbitrators' inquiry in this case, defendant's motion is denied.

It is so ordered.