614 F.2d 389
 William G. BURTON t/a William Burton Nurseries, Appellant,
v.
R. E. BUSH; John J. Digges; R. A. Lawson, Jr.; Bush
Development Corporation, a Virginia Corporation; Virginia
South-Eastern Corporation, a Virginia Corporation; Monroe
Construction Corporation, a Virginia Corporation; Baycon
Corporation, a Virginia Corporation; All doing business as:
The Bush Organization, a General Partnership, Appellees.
 No. 78-1826.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 3, 1979.
Decided Feb. 7, 1980.
 
 Samuel Gordon, Gaithersburg, Md. (Robert H. Haslinger, Gordon & Haslinger, Gaithersburg, Md., on brief), for appellant.
 S. Leonard Rottman, Baltimore, Md. (Tabor & Rottman, Baltimore, Md., on brief), for appellees.
 Before WINTER, RUSSELL and HALL, Circuit Judges.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 William G. Burton, t/a William Burton Nurseries seeks review of an arbitration panel's award in favor of the appellees The Bush Organization. Burton sued The Bush Organization for failure to make payments as called for under the terms of their contract. The Bush Organization counterclaimed for damages based on the alleged breach of certain guarantees in the contract.
 
 
 2
 In January and February of 1974 the parties entered into two contracts which required Burton to install trees, shrubs, and sod at the appellee's job site. The relationship between the parties was strained by difficulties encountered during the course of performance. Finally in April of 1975 Bush notified Burton that he was replacing him on the contract work. A dispute arose over Burton's claim of payment for part performance and Bush's claim for breach of warranty. The parties agreed to submit their dispute to an arbitration panel, and on February 6, 1978 an award was rendered in favor of the appellees in the amount of $83,258.35.
 
 
 3
 The appellant challenged the arbitration award on two grounds. First, Burton contended that the award should be set aside due to unfair surprise and prejudice. When testimony before the arbitration panel concluded on September 8, 1977 all parties agreed that the proceedings would be continued to October 27th. On October 5th Burton's counsel requested a continuance until the latter part of November. Counsel argued that a continuance was necessary in light of the prejudice visited upon his client through the "surprise" testimony of opposition witnesses. This request was denied. Given the facts of this case, such an argument is unbelievable, and was so found by both the arbitration panel and the district court.
 
 
 4
 When the panel first convened more than two years had elapsed since The Bush Organization had given notice to Burton that his work was unsatisfactory. During this time period Burton was well aware of Bush's complaints. The gist of these complaints was that Burton's trees were dying and his grass would not grow. The obvious theory underlying Bush's claim was that these unfortunate results were caused by Burton's negligence. Since the final demise of the trees and the grass was not in issue, Burton knew or should have known that a proper defense required some showing of alternative causation. Thus, even though the applicable arbitration rules did not provide for pre-trial discovery, and the parties chose to forego any voluntary or gratuitous discovery, it cannot be said that Burton was somehow taken unawares.
 
 
 5
 An arbitration hearing is not a court of law. Walden v. Local 71, International Brotherhood of Teamsters, (4th Cir. 1972) 468 F.2d 196. When contracting parties stipulate that disputes will be submitted to arbitration, they relinquish the right to certain procedural niceties which are normally associated with a formal trial. Great Scott Markets Inc. v. Local Union No. 337, International Brotherhood of Teamsters, (E.D.Mich.1973) 363 F.Supp. 1351; Commercial Solvents Corporation v. Louisiana Liquid Fertilizer Co., (S.D.N.Y.1957) 20 F.R.D. 359. One of these accoutrements is the right to pre-trial discovery. While an arbitration panel may subpoena documents or witnesses, Commercial Metals Co. v. International Union Marine Corp., (S.D.N.Y.1970) 318 F.Supp. 1334; the litigating parties have no comparable privilege. Foremost Yarn Mills, Inc. v. Rose Mills, Inc., (E.D.Pa.1960) 25 F.R.D. 9; 9 U.S.C. § 7; Fed.Rules Civ.Proc. Rule 81(a)(3), 28 U.S.C.; 74 Harv.L.Rev. 940, 943 (1961); 4 Moore's Fed. Practice § 26.54 (2d Ed. 1975).
 
 
 6
 Since Burton never applied to the district court for an order to compel discovery we need not consider those cases allowing discovery upon a showing of special need, Bigge Crane and Rigging Co. v. Docutel Corp., (E.D.N.Y.1973) 371 F.Supp. 240; Ferro Union Corp. v. SS Ionic Coast, (S.D.Tex.1967) 43 F.R.D. 11; International Association of Heat and Frost Insulators and Asbestos Workers, Local 66, AFL-CIO v. Leona Lee Corp., (5th Cir. 1970) 434 F.2d 192; Penn Tanker Co. v. C. H. Z. Rolimpex, Warszawa, (S.D.N.Y.1961) 199 F.Supp. 716; or need we consider those cases allowing the district court to permit limited discovery as to the arbitrability of a particular dispute, H. K. Porter Co. Inc. v. Local 37 United Steelworkers of America, AFL-CIO, (4th Cir. 1968) 400 F.2d 691; International Union of Electrical, Radio & Machine Workers, AFL-CIO v. Westinghouse Electric Corp., (S.D.N.Y.1969) 48 F.R.D. 298. In passing, however, we note that the former cases would not have aided the appellant since there is a total absence of special need or hardship. The latter group of cases is equally unpersuasive, since there was no contention that the controversy in question was not the proper subject of arbitration.
 
 
 7
 While at least one commentator has referred to the limited discovery provisions during arbitration as a return to the "sporting theory of justice," Jones, The Accretion of Federal Power in Labor Arbitration The Example of Arbitral Discovery, 116 Penna.L.Rev. 830, 837 (1968); we believe that such limitations are in keeping with the policy underpinnings of arbitration speed, efficiency, and reduction of litigation expenses.
 
 
 8
 Burton's second contention that the arbitration award was contrary to the facts as established at the hearing is without merit.
 
 
 9
 We conclude that the arbitration award was correct and accordingly we affirm the judgment of the district court.
 
 
 10
 AFFIRMED.