00-00062 & 00-00119 pennzoil v Arnold Oil Company concurring opinion.wpd



CONCURRING OPINION



No. 04-00-00062-CV



PENNZOIL COMPANY and Pennzoil Products Company,


Appellants



v.



ARNOLD OIL COMPANY, INC.,


Appellee



From the 229th Judicial District Court, Duval County, Texas


Trial Court No. 98-10-17,420


Honorable Alex W. Gabert, Judge Presiding



consolidated with



No. 04-00-00119-CV



IN RE PENNZOIL COMPANY and Pennzoil Products Company



Original Mandamus Proceeding(1)



Opinion by: Sarah B. Duncan, Justice

Concurring opinion by: Phil Hardberger, Chief Justice 


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: August 23, 2000


 I reluctantly concur in the majority's judgment. Existing law compels our reversal of the trial
court's order denying arbitration. The result is that Pennzoil gets the best of both worlds: discovery
and arbitration. In this case, the stringent burden of proof Arnold was required to meet to prove
waiver, coupled with the fact that Pennzoil filed its motion for summary judgment "subject to" its
motion to compel, preclude this court from affirming the trial court's order. But the trial court's
ruling is more equitable than our own.

 During oral argument, Pennzoil's attorney stated that Pennzoil filed its motion for summary
judgment "subject to" its motion to compel, and Pennzoil had no control over the order in which the
motions were considered by the trial court. Pennzoil filed the motions on the same day and
requested the trial court to set the motions for hearing on the same day. This is no accident.
Pennzoil could have requested that the motion to compel be set for a hearing on a date prior to the
date the motion for summary judgment was set. Pennzoil chose not to, but the choice is
understandable. In this case, it allowed Pennzoil an opportunity to obtain a summary judgment or,
if that failed, to compel arbitration. We have no reporter's record from the hearing on the motions,
so we cannot ascertain whether Pennzoil requested the trial judge to decide the motion to compel
first. We do know that the trial judge decided the motion for summary judgment before it ruled on
the motion to compel. And, we know that the trial judge ruled against Pennzoil, denying it the
requested summary judgment. Had the trial judge ruled otherwise, we would not be addressing the
order on the motion to compel today.

 Although the issue of whether a party has waived its right to arbitration is one of law, the
findings upon which the conclusion is based are predicated on questions of fact, which may not be
overturned unless clearly erroneous. See Price v. Drexel Burnham Lambert, Inc., 791 F.2d 1156,
1159, 1162 (5th Cir. 1986). The predicate questions of fact are: (1) has the party seeking arbitration
substantially invoked the judicial process; and (2) was the other party prejudiced. See In re Bruce
Terminix Co., 988 S.W.2d 702, 704 (Tex. 1998). 

 The majority makes short work of the first predicate question -- whether Pennzoil
substantially invoked the judicial process. Pennzoil served discovery, participated in depositions,
participated in a docket control conference, paid a jury fee, moved for an extension of the trial date,
obtained hearings on discovery matters, entered into an agreed discovery order, and filed a no
evidence motion for summary judgment "subject to" its motion to compel. A party may not move
for summary judgment on the basis of no evidence until after an adequate time for discovery. See
Tex. R. Civ. P. 166a(i). In filing its motion for summary judgment, therefore, Pennzoil was
convinced that an adequate time for discovery had passed. The trial court considered all of the
evidence obtained by Pennzoil through discovery and the other actions Pennzoil had taken in ruling
on the motion to compel. In view of this evidence and Pennzoil's actions, the trial court impliedly
found that Pennzoil substantially invoked the judicial process. I agree.

 The majority's opinion relies on the existence of a second defendant in the lawsuit to hold
that Arnold failed to establish the second required fact necessary to find waiver -- that Arnold was
prejudiced. Ironically, however, the second defendant, Golden West, also wants to be a party to the
arbitration, and under principles of equitable estoppel, Golden West may succeed. See Grigson v.
Creative Artists Agency, Inc., 210 F.3d 524, 527-31 (5th Cir. 2000); MS Dealer Service Corp. v.
Franklin, 177 F.3d 942, 947-48 (11th Cir. 1999). If Golden West is successful, Pennzoil will have
avoided waiver by relying on the presence of a second defendant, who will also become a party to
the arbitration proceeding. I do not believe a defendant seeking arbitration should be permitted to
rely on the presence of or actions taken by a second defendant if there is any possibility that the
second defendant could also compel arbitration of its claims. To hold otherwise simply contributes
to further gamesmanship. When our decision affects a party's fundamental right to present a case
to a jury, such gamesmanship should not be tolerated.

 Arnold loses because it failed to meet its burden of showing prejudice under existing law.
In order to show prejudice, Arnold was required to show that the discovery undertaken prior to the
date the motion to compel was filed would not have been permitted in arbitration. Although parties
have no right to compel discovery in arbitration, the arbitration panel may subpoena documents and
witnesses. See St. Mary's Medical enter of Evansville, Inc. v. Disco Aluminum Products Co., 969
F.2d 585, 591 (7th Cir. 1992); Burton v. Bush, 614 F.2d 389, 390 (4th Cir. 1980). There is no
evidence in our record that the arbitration panel would not have permitted the same discovery that
had been undertaken prior to the date Pennzoil filed its motion to compel. 

 Public policy favors arbitration. But there should be limits on when arbitration trumps the
right to a jury trial. The developing case law permits a level of gamesmanship that should not be
tolerated. While arbitration can be beneficial in some contexts, it has many disadvantages. See
David F. Bragg, Binding Arbitration: A Wolf in Contract Clothing, in Univ. Tex. 10th Annual
Conference on the Texas Deceptive Trade Practices Act (1998) (noting disadvantages to
consumers due to absence of permissible discovery, expense, potential bias of arbitrators, absence
of legal qualifications of arbitrators, limited review of arbitrator's decision, and secrecy of
proceedings). Parties seeking arbitration should not be permitted to take advantage of both systems.
 Time and money should be a key consideration in examining prejudice even if a party
potentially could obtain the same evidence in arbitration as it obtained before moving to compel
arbitration. In this case, Pennzoil waited ten months and took several actions that caused Arnold to
incur attorneys' fees in responding. The law should be more balanced in its consideration of the
rights of both parties. A party should not be permitted to move forward with discovery to its benefit
and shout "arbitration" whenever it is most advantageous.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


PUBLISH


1. The mandamus proceeding arises out of Cause No. 98-10-17,420, styled Arnold Oil Company, Inc. v. Pennzoil
Company, Pennzoil Products Company and Texas Enterprises, Inc. d/b/a Golden West, pending in the 229th Judicial
District Court, Duval County, Texas, the Honorable Alex W. Gabert presiding.