**ODFJELL ASA, Odfjell USA, Inc., Odfjell Seachem as, Jo Tankers as, Jo Tankers Bv, and Jo Tankers, Inc., Plaintiffs,**

v.

**CELANESE AG, Celanese, LTD., and Millennium Petrochemicals, Inc., Defendants.**

No. 04 Civ. 1758(JSR).

United States District Court, S.D. New York.

Aug. 5, 2004.

**506**

Paul Adam Engelmayer, Esq., Wilmer, Cutler & Pickering, Richard Leaster Jarashow, McGuireWoods LLP, New York City, Steven F. Cherry, Esq., Joseph J. Samarias, Esq., Wilmer, Cutler & Pickering, McLean, VA, Richard J. Rappaport, McGuireWoods LLP, Chicago, IL, for Plaintiffs.

Daniel J. Fetterman, Esq., Harold G. Levison, Esq., Hector Torres, Esq., Kasowitz, Benson, Torres & Friedman, New York City, for Defendants.

*MEMORANDUM*

RAKOFF, District Judge.

By Order dated May 28, 2004, the Court denied a motion of the defendants for an order compelling non-party Hendrikus van Westenbrugge to comply with two subpoenae issued by the chief arbitrator presiding over a related arbitration currently pending between, *inter alia,* the plaintiffs and defendants in this case. This Memorandum elaborates the reasons for the May 28, 2004 Order.

By way of brief background: the plaintiffs, on March 3, 2004, filed the instant lawsuit seeking to stay the related arbitration and, shortly thereafter, also made a formal motion seeking a stay of that arbitration. The Court, by telephonic order on May 5, 2004 and subsequent written order dated July 12, 2004, denied plaintiffs' motion for a stay and likewise dismissed the

Complaint. *See* Memorandum Order dated July 12, 2004.

In the interim, on April 21, 2004, the chief arbitrator of the related arbitration, John J. Gibbons, Esq., issued, at the defendants' request, a subpoena for deposition ad testificandum and a subpoena duces tecum directing non-party Hendrikus van Westenbrugge, who was then incarcerated at the federal correctional institution at Fort Dix, New Jersey, to appear for a pre-hearing deposition at Fort Dix on May 20, 2004 and to produce at that time various materials requested by the defendants. *See* Declaration of Hector Torres dated May 20, 2004, Ex. 1 (Subpoena for Deposition Ad Testificandum and Subpoena Duces Tecum). After Mr. van Westenbrugge failed to comply with the terms of the subpoenae, the defendants brought the instant motion for an order compelling Mr. van Westenbrugge to comply.

As a preliminary matter, the Court holds that it has jurisdiction to consider the instant motion. Section 7 of the Federal Arbitration Act provides, in relevant part:

> The arbitrators ... may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.... [I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators ...

9 U.S.C. § 7. Putting aside, for a moment, the question of whether the arbitrators in the related arbitration actually possess the authority to require a pre-hearing deposi-

tion of a non-party or a pre-hearing document production from a non-party, Section 7 makes plain that if the arbitrators have concluded that they *do* possess such authority and accordingly issue subpoenae in connection therewith, it is the "United States district court for the district in which such arbitrators, or a majority of them, are sitting" that may consider any petition to compel compliance with the subpoenae that the arbitrators have issued. Since no party disputes that the arbitrator who issued the subpoenae to Mr. van Westenbrugge is "sitting" in New York, the instant motion is properly before this Court. *See Amgen Inc. v. Kidney Center of Delaware County, Ltd.,* 1994 WL 594372, at *1 (E.D.Pa.1994) ("Since the arbitrator in the underlying arbitration is sitting in Chicago, it was incumbent upon Amgen, pursuant to the plain language of Section 7 of the Federal Arbitration Act, to bring its petition to compel compliance in the United States District Court for the Northern District of Illinois.").

■ Turning, then, to the merits, Section 7, as quoted above, confers upon arbitrators the power to summon a non-party to appear "before them … as a witness" and the power to require certain document production in connection thereto. 9 U.S.C. § 7. The use of the words "before them" strongly suggests that the power refers only to an evidentiary hearing before the arbitrators. For the Court to find that Section 7 also confers upon arbitrators the power to compel a *pre-hearing* deposition of or *pre-hearing* document production from a non-party, the Court would have to find some implicit authorization of such a power in Section 7. While this possibility theoretically remains open in the Second

Circuit, *see National Broadcasting Co., Inc. v. Bear Stearns & Co., Inc.,* 165 F.3d 184, 188 (2d Cir.1999),[1] it has been expressly rejected by the Third Circuit on the ground that if Section 7 had been meant to confer this more fundamental power, "the drafters would have said so." *Hay Group, Inc. v. E.B.S. Acquisition Corp.,* 360 F.3d 404, 408 (3d Cir.2004). The Court agrees with the Third Circuit, and adds only that, inasmuch as arbitration is largely a matter of contract, it would seem particularly inappropriate to subject parties who never agreed to participate in the arbitration in any way to the notorious burdens of pre-hearing discovery. Arbitration, which began as a quick and cheap alternative to litigation, is increasingly becoming slower and more expensive than the system it was designed to displace, and permitting pre-hearing discovery of non-parties would only make it more so.

Accordingly, for the foregoing reasons, the Court reconfirms its Order of May 28, 2004 denying defendants' motion for an order compelling Mr. van Westenbrugge to comply with the subpoenae issued on April 21, 2004.

---

1. Elsewhere, although a few courts have compelled pre-hearing document production from non-parties, *see, e.g., Meadows Indem. Co., Ltd. v. Nutmeg Ins. Co.,* 157 F.R.D. 42, 44–45 (M.D.Tenn.1994), there appears to be no case in which a court has compelled pre-hearing deposition testimony from a non-party, and there are several courts that have rejected it, *see, e.g., SchlumbergerSema, Inc. v. Xcel Energy, Inc.,* 2004 WL 67647 (D.Minn.2004); *Integrity Ins. Co. v. American Centennial Ins. Co.,* 885 F.Supp. 69 (S.D.N.Y.1995).