■ MORGAN STANLEY DW INC., Respondent, v ABDUL AFRIDI, Appellant. [788 NYS2d 11]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered October 29, 2003, granting the petition to vacate an arbitration award and denying the cross petition to confirm the same award, unanimously reversed, on the law, without costs, the petition denied and dismissed, the cross petition granted and the award confirmed.

In July 1999, respondent-appellant Abdul Afridi (Afridi), a retiree, put the bulk of his life savings into an investment account at petitioner-respondent brokerage firm (Morgan Stanley). Afridi opened the Morgan Stanley account at the behest of his son, Adel, who was then a newly licensed broker employed by Morgan Stanley. Afridi alleges that Adel, the broker with responsibility for his account, put the funds into risky and speculative investments, purchased on margin, that were unsuitable to a person of Afridi's age and means. Ultimately, Adel's management of the account resulted in the loss of Afridi's entire investment. In June 2001, Afridi commenced an arbitration proceeding before the National Association of Securities Dealers (NASD), in which he asserted claims for the recovery of his losses against Morgan Stanley, Adel and the manager of the Morgan Stanley branch where the account had been maintained. Afridi sought to hold Morgan Stanley vicariously liable, under the doctrine of respondeat superior, for the misconduct of Adel, its employee, and directly liable for Morgan Stanley's own alleged negligence in supervising Adel. After a hearing, the NASD arbitration panel rendered an award, dated March 23, 2003, that, while dismissing the claims against Adel and the branch manager, held Morgan Stanley "solely liable" to Afridi for $150,000 in compensatory damages, $30,000 in pre-award interest, and $40,000 in attorney's fees. The arbitrators did not state the rationale for their disposition of Afridi's claims.

Morgan Stanley filed a CPLR article 75 petition seeking to vacate the award on the ground that the arbitrators, in holding Morgan Stanley solely liable to Afridi while dismissing all claims against Adel, had "manifestly disregarded the law" and had reached an "inherently contradictory and completely irrational" result. Supreme Court, agreeing with Morgan Stanley that the award was "totally irrational," granted the petition to vacate and denied Afridi's cross petition for confirmation. We now reverse.

Judicial review of the award in this matter is governed by the Federal Arbitration Act ([FAA] 9 USC § 1 *et seq.*), which mandates the enforcement of written arbitration agreements relating to transactions affecting interstate commerce (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 12 AD3d 65, 70 [2004], citing *Citizens Bank v Alafabco, Inc.*, 539 US 52, 56-57 [2003]; *see also Sawtelle v Waddell & Reed*, 304 AD2d 103, 107 [2003] [because the FAA applied to the subject arbitration agreement,

"judicial review of this award is governed by the FAA"]).[1] It is undisputed that none of the grounds for vacating an arbitration award set forth in the FAA itself (9 USC § 10 [a]) applies here. While "manifest disregard of the law" is a judicially created ground for vacating an arbitration award under the FAA (*see e.g. Hoeft v MVL Group, Inc.*, 343 F3d 57, 64 [2d Cir 2003]), that doctrine applies only where the record shows that "the arbitrator knew of the relevant [legal] principle, appreciated that this principle controlled the outcome of the disputed issue, and nonetheless willfully flouted the governing law by refusing to apply it" (*Westerbeke Corp. v Daihatsu Motor Co., Ltd.*, 304 F3d 200, 217 [2d Cir 2002]). Accordingly, the subject award cannot be vacated for manifest disregard of the law, since Morgan Stanley's counsel never argued to the arbitrators that applicable law required either a finding of liability against both Morgan Stanley and Adel or, alternatively, dismissal of the claims against both.

Finally, to the extent the FAA permits vacatur of an arbitration award on the ground that it is irrational (*see Sawtelle*, 304 AD2d at 108, citing *I/S Stavborg [O.H. Meling, Mgr.] v National Metal Converters, Inc.*, 500 F2d 424, 430 [2d Cir 1974]; *see also Marcy Lee Mfg. Co. v Cortley Fabrics Co.*, 354 F2d 42, 43 [2d Cir 1965]; *Coutee v Barington Capital Group, L.P.*, 336 F3d 1128, 1132, 1133 [9th Cir 2003]; *Hoffman v Cargill Inc.*, 236 F3d 458, 461 [8th Cir 2001]), we cannot say that the arbitrators' decision to hold only Morgan Stanley liable was irrational. As previously noted, Afridi contended in the arbitration that Morgan Stanley was liable to him both vicariously, based on the principle of respondeat superior, and directly, based on the firm's allegedly negligent training and supervision of Adel.[2] Thus, the arbitrators may have found that Morgan Stanley was guilty of direct

---

**1.** We note that *Matter of Banc of Am. Sec. v Knight* (4 Misc 3d 756 [Sup Ct, NY County 2004]) is in error, and should not be followed, to the extent it suggests that the applicability of the FAA depends on the citizenship of the parties to the subject arbitration agreement (*id.* at 758-759; *see Citizens Bank v Alafabco*, 539 US at 56).

**2.** Although the Second Circuit has repudiated the notion that the FAA permits a court to review an arbitration award for "manifest disregard of the evidence" (*see Wallace v Buttar*, 378 F3d 182, 191-193 [2d Cir 2004]), we note that Afridi's contention that Morgan Stanley inadequately trained and supervised his son was supported by Adel's testimony at the hearing. Among other things, Adel testified that: (1) Morgan Stanley gave him only two weeks of training, together with 600 other trainees, during which only two hours were spent on investment suitability; (2) Morgan Stanley placed intense pressure on its inexperienced, newly hired brokers to bring in business; (3) Adel's requests for guidance from his superiors were ignored; (4) Adel's group leader instructed him to lie in filling out a customer's opening account form in order

negligence, and, if so, they rationally could have concluded that Morgan Stanley's culpability for its negligence was so much greater than Adel's culpability for his that the firm should be held solely liable for Afridi's losses (*cf. Perpetual Sec., Inc. v Tang*, 290 F3d 132, 140 [2d Cir 2002] [there was no basis for concluding that arbitrators had manifestly disregarded the law in holding a brokerage firm, but not its employee-broker, liable to the customer for losses caused by the employee-broker, since the award may have been based on a finding that the firm had been directly negligent in supervising the employee-broker, rather than on the principle of respondeat superior]).

In view of the foregoing, we need not reach the remaining issues addressed by the parties. Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.

---

to avoid compliance problems; (5) Adel's management of his father's account was not reviewed by any of his superiors; and (6) none of Adel's superiors followed up when Afridi failed to respond to a letter advising him of a precipitous drop in the value of his account (Adel, who lived with his father, admitted that he had stolen the letter). This evidence of direct negligence by Morgan Stanley serves to distinguish the instant case from *Matter of Spear, Leeds & Kellogg v Bullseye Sec.* (291 AD2d 255, 256 [2002]), in which we held that it was "irrational" for arbitrators to hold only a brokerage firm, but not its employee, liable for losses caused by the employee. Although the statement of claim in *Bullseye* alleged, inter alia, that the firm had "fail[ed] to supervise" the employee (*id.* at 255), we found that the existing arbitration record revealed "no independent basis for finding [the firm] solely liable . . . apart from one grounded upon the negligence of its employee" (*id.* at 256).