In re Application of Atmel Corporation to Compel Compliance with Subpoena ad Testificandum and Duces Tecum Issued in Connection With an Arbitration Proceeding Before the Arbitration Tribunals of the American Arbitration Association, International Centre for Dispute Resolution, Entitled: ATMEL CORPORATION, Claimant,

v.

LM ERICSSON TELEFON, AB, Respondent.

AAA International Center for Dispute Resolution Case No. 50 S 133 00574 03

No. M8–85 (GEL).

United States District Court, S.D. New York.

April 25, 2005.

---

## OPINION AND ORDER

LYNCH, District Judge.

Sony Ericsson Mobile Communications (USA), Inc. ("Sony Ericsson") moves to quash a deposition subpoena issued to it by arbitrators on behalf of Atmel Corporation ("Atmel") in the underlying arbitration between Atmel and respondent, LM Ericsson Telefon, AB. The Court has previously granted Sony Ericsson a short extension of time to comply with a document subpoena in the same matter, after the Court expressed its intention to enforce the subpoena. Sony Ericsson argues that arbitrators lack power to compel a pre-hearing deposition of a non-party to the arbitration. The motion to quash will be granted.

■ The weight of judicial authority favors the view that the Federal Arbitration Act, 9 U.S.C. § 7, does not authorize arbitrators to issue subpoenas for discovery depositions against third parties. *COM-*

*SAT Corp. v. Nat'l Science Found.*, 190 F.3d 269 (4th Cir.1999); *Odfjell ASA v. Celanese AG*, 328 F.Supp.2d 505 (S.D.N.Y. 2004); *Nat'l Union Fire Ins. Co. v. Marsh USA, Inc.*, No. M–82, 2004 WL 1542254 (S.D.N.Y. July 9, 2004); *SchlumbergerSema, Inc. v. Xcel Energy, Inc.*, No. Civ. 02–4304PAMJSM, 2004 WL 67647 (D.Minn. Jan. 9, 2004); *Procter and Gamble Co. v. Allianz Ins. Co.*, No. 02 Civ. 5480, unpub. slip. op. (S.D.N.Y. Dec. 2, 2003); *Integrity Ins. Co. v. Amer. Centennial Ins. Co.*, 885 F.Supp. 69 (S.D.N.Y.1995). *But see Amgen Inc. v. Kidney Ctr. of Del. Co., Ltd.*, 879 F.Supp. 878 (N.D.Ill.1995), *dismissed on appeal for lack of subject matter jurisdiction*, 101 F.3d 110 (7th Cir. 1996).

This Court finds the thoughtful reasoning of Judge Scheindlin in *Integrity* particularly persuasive. As Judge Scheindlin points out, the statute by its terms permits arbitrators to compel non-parties only to "attend before them" and not to provide pre-hearing discovery. However, the power to compel production of documents at a hearing implies the lesser power to require the documents to be produced in advance of the hearing. 885 F.Supp. at 72–73; *see also In re Security Life Ins. Co. of America*, 228 F.3d 865, 870–71 (8th Cir.2000). With respect to depositions, however, the power to require pre-hearing appearances by witnesses in effect would increase the burden on non-parties, by creating the potential to require them to appear *twice*, both for discovery depositions and then for testimony at the hearing itself. *Integrity*, 885 F.Supp. at 73. The power to compel a deposition thus cannot be seen as simply an implied power to control the timing, in the interests of efficiency, of a production the arbitrators concededly have the power to order, but constitutes an additional power not granted by the statute.

■ Atmel seeks to avoid this logic by arguing that since Sony Ericsson has not

been listed by any party as a witness for the hearing, enforcing the subpoena would only require it to appear for testimony once. (Atmel Br. 6.) But this argument is specious. At this point in the litigation, the Court cannot know or guarantee what will happen at the arbitration hearing. Presumably, Atmel seeks the deposition because of the likelihood that Sony Ericsson's testimony would produce relevant information; if the deposition is successful, the chance that Sony Ericsson would be called as a witness clearly increases. In any event, the logic of *Integrity* does not require courts to evaluate the chances of increased burdens on third parties on a case-by-case basis. Judge Scheindlin's point is that unlike the power to compel document production before the hearing, which can be seen as merely an efficiency-increasing regulation of the timing of production, an implied power incident to the power to compel the production of documents for use at the hearing, the power to compel deposition testimony cannot be so implied.

Finally, Atmel argues that Sony Ericsson is not really a third party, because it is half owned by LM Ericsson Telefon, AB, the respondent in the arbitration. (Atmel Br. 6–7.) This argument also fails. Whoever owns the stock of Sony Ericsson, it is a separate entity that is not a party to the arbitration or to the arbitration agreement. Atmel does not even argue, let alone demonstrate, that there is any basis for piercing the corporate veil.

Accordingly, it is beyond the power of the arbitrators to order Sony Ericsson to appear for a deposition. The motion to quash the subpoena is granted.

SO ORDERED.