■ IMCLONE SYSTEMS INCORPORATED, Plaintiff, v SAMUEL D. WAKSAL, Respondent. ROBERT GOLDHAMMER et al., Nonparty Appellants. [802 NYS2d 653]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered April 5, 2005, which, inter alia, denied the nonparties' motion to vacate orders, same court and Justice, entered March 4, 2005, which granted open commissions in aid of arbitration, unanimously affirmed, with costs. Appeals from the March 4 orders unanimously dismissed, without costs, as superseded by the appeal from the April 5 order.

We agree with the conclusion reached by the motion court, but for different reasons (*see Matter of American Dental Coop. v Attorney-General of State of N.Y.*, 127 AD2d 274, 279 n 3 [1987]). The generic choice of law clause in the subject agreement, which did not provide for the application of New York law to its "enforcement," did not displace the subject provision of the Federal Arbitration Act ([FAA] 9 USC § 7; *see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 253 [2005]; *Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 47-48 [1997]). The parties' residence and negotiation of the agreement in New York and the lack of a substantial effect on interstate commerce do not require the conclusion that the FAA does not govern. The parties' agreement affected interstate commerce (*see Citizens Bank v Alafabco, Inc.*, 539 US 52 [2003]; *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 12 AD3d 65 [2004]; *see also Morgan Stanley DW Inc. v Afridi*, 13 AD3d 248, 250 n 1 [2004]). Plaintiff is federally regulated, its products are undisputedly distributed nationally and it has investors across the nation; moreover, the

restrictive covenant contained in the subject agreement limits plaintiff's activities throughout the states (*see Graphic Scanning Corp. v Yampol*, 850 F2d 131, 133 [1988]) and its "golden parachute" financial provisions no doubt would have some effect on interstate commerce. While it is an open question in the Second Circuit whether prehearing nonparty depositions are authorized under the FAA (*see National Broadcasting Co., Inc. v Bear Stearns & Co., Inc.*, 165 F3d 184, 188 [1999]), and there is substantial federal authority that they are not (*see e.g. Hay Group, Inc. v E.B.S. Acquisition Corp.*, 360 F3d 404, 410 [2004]; *Integrity Ins. Co. v American Centennial Ins. Co.*, 885 F Supp 69, 71-73 [1995]; *Odfjell ASA v Celanese AG*, 328 F Supp 2d 505, 506 [2004]), in the absence of a decision of the United States Supreme Court or unanimity among the lower federal courts, we are not precluded from exercising our own judgment in this matter (*see Flanagan v Prudential-Bache Sec.*, 67 NY2d 500, 506 [1986], *cert denied* 479 US 931 [1986]). We subscribe to the view that depositions of nonparties may be directed in FAA arbitration where there is a showing of "special need or hardship," such as where the information sought is otherwise unavailable (*see COMSAT Corp. v National Science Found.*, 190 F3d 269, 276-277 [1999]; *Application of Deiulemar Compagnia Di Navigazione S.p.A. v M/V Allegra*, 198 F3d 473, 479-480 [1999], *cert denied sub nom. Pacific Eternity, S.A. v Deiulemar Compagnia Di Navigazione, S,p.A.*, 529 US 1109 [2000]). This view properly takes into consideration the realities and complexities of modern arbitration. Here, the information sought would plainly be unavailable from other sources, since the crucial issue in plaintiff's attempt to vitiate the agreement is its claim that it was induced by fraud, and the nonparties defendant seeks to depose are the officers and directors who took part in its drafting and negotiation. It was unnecessary for defendant to state in so many words that such information was otherwise unavailable or that exceptional circumstances, special need or hardship exist.

We have considered appellants' other contentions and find them unavailing. Concur—Ellerin, J.P., Williams, Catterson and Malone, JJ.