Matter of Alpert v M.R. Beal & Co. (2018 NY Slip Op 04420)





Matter of Alpert v M.R. Beal & Co.


2018 NY Slip Op 04420


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Tom, Mazzarelli, Moulton, JJ.


6859 651728/16

[*1]In re Jacob Alpert, Petitioner-Respondent,
v
M.R. Beal & Company, et al., Respondents-Appellants.


Law Offices of John P. DeMaio, New York (John P. DeMaio of counsel), for appellants.
Liddle & Robinson, L.L.P., New York (Matthew McCann of counsel), for respondent.



Order and judgment, Supreme Court, New York County (Eileen Bransten, J.), entered August 12, 2016, which granted the petition to confirm an arbitration award, denied respondents' cross petition to vacate the award, and awarded judgment in favor of petitioner in the total sum of $642,153.52, unanimously affirmed, with costs.
The arbitration award was not in manifest disregard of the law, based on petitioner's undisputed claim, amended claim, and testimony that he was promised bonuses in 2011 and 2012, which he did not receive (Sawtelle v Waddell & Reed, 304 AD2d 103, 108 [1st Dept 2003]). "[T]o the extent the FAA permits vacatur of an arbitration award on the ground that it is irrational" (Morgan Stanley DW Inc. v Afridi, 13 AD3d 248, 250 [1st Dept 2004]), the motion court correctly found that respondents, at best, demonstrated disagreement with the award, which was not a basis to conclude the award was irrational.
Respondents' contention that any promise to pay a bonus was an unenforceable agreement to agree is unpreserved and unavailing. In any event, "[a]n arbitrator's paramount responsibility is to reach an equitable result" (Matter of Sprinzen [Nomberg], 46 NY2d 623, 629 [1979]). The elements of a claim for unjust enrichment are that plaintiff conferred a benefit upon the defendant, and the defendant obtained such benefit without adequately compensating plaintiff (see Nakamura v Fujii, 253 AD2d 387, 390 [1st Dept 1998]). These elements were met, based on petitioner's undisputed claim that he rebuilt a municipal bond department "decimated" by the 2008 financial crisis, and that he brought significant new clients to the firm, for which he received no incentive compensation in 2011 and 2012.
The arbitration panel's finding that respondents were jointly and severally liable for petitioner's bonuses pursuant to Debtor and Creditor Law §§ 273 and 276 was not in manifest disregard of the law or irrational based either on the individual respondent's 100% ownership of M.R. Beal as a limited partner or his ownership of the general partner corporation (see Gonzalez v Chalpin, 77 NY2d 74, 77 [1990]; D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 452 [1st Dept [*2]2013]). Nor was it irrational to find that the Debtor and Creditor Law was applicable, based on petitioner's claim that there was ample money in the firm to pay his promised compensation, notwithstanding transfers of assets made by the individual respondent.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK