**PENNZOIL COMPANY and Pennzoil Products Company, Appellants,**

v.

**ARNOLD OIL COMPANY, INC., Appellee.**

**In re Pennzoil Company and Pennzoil Products Company.**

**Nos. 04–00–00062–CV, 04–00–00119–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 23, 2000.

Jacalyn Hollabaugh, George T. Shipley, Jeffrey V. Brown, Baker Botts, L.L.P., Houston, for Appellants.

John A. Cardwell, Jeffery L. Hart, Cardwell & Hart, Austin, Mikal C. Watts, Bryan K. Harris, Juan Enrique Mejia, D.R. Gwyther, Harris & Watts, P.C., Corpus Christi, P. Brian Berryman, Allen, Stein, Powers, Durbin & Hunnicutt, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: SARAH B. DUNCAN, Justice.

In these consolidated proceedings, Pennzoil Company and Pennzoil Products Company complain of the trial court's denial of their motion to compel arbitration of Arnold Oil Company's claims against them. We dismiss Pennzoil's interlocutory appeal for lack of jurisdiction because the arbitration clause at issue is governed by the Federal Arbitration Act, and we conditionally grant the requested writ of mandamus.

### FACTUAL AND PROCEDURAL BACKGROUND

Pennzoil and Arnold entered into a nonexclusive contract for Arnold to distribute Pennzoil oils and lubricants in an eighteen-county area of south Texas. In October 1997, Pennzoil gave Arnold notice, in compliance with the terms of the contract, of its intent to terminate the contract in sixty days. Pennzoil later contracted with Texas Enterprises, Inc., d/b/a Golden West ("Golden West") to serve as the authorized Pennzoil distributor in the area. A year later, Arnold sued Pennzoil and Golden West for tortious interference with contract, civil conspiracy, and tortious interference with prospective business relationships.

After suit was filed, Pennzoil unsuccessfully moved for a change of venue, served interrogatories and two requests for production of documents, participated in six depositions, participated in a docket control conference, paid a jury fee, requested an extension of the trial date, proposed a protective order regarding discovery materials, and filed a motion to compel discovery. On August 26, 1999, Pennzoil filed a motion to compel arbitration pursuant to a provision in the Pennzoil/Arnold contract. On the same day, Pennzoil and Golden West filed, subject to the motion to compel arbitration, a joint motion for summary judgment on all Arnold's claims. On September 9, 1999, amended motions to com-

pel arbitration and for summary judgment were filed, adding only a business records affidavit to each motion. Arnold responded to both motions and argued the motion for arbitration should be denied because the claims are not within the scope of the arbitration clause and because Pennzoil waived its right to arbitrate. After a hearing on the motions, the trial court denied the motion for summary judgment and later denied the motion to compel arbitration. Pennzoil complains of the arbitration order in an accelerated appeal and a petition for writ of mandamus, which we have consolidated.

### ACCELERATED APPEAL OR MANDAMUS?

■ A trial court's order denying arbitration under the Texas Arbitration Act, TEX. CIV. PRAC. & REM.CODE ANN. § 171.001, et seq. (Vernon Supp.1999), is subject to interlocutory appeal. *Id.* § 171.098(a). However, relief from a denial of arbitration sought under the Federal Arbitration Act, 9 U.S.C.A. § 1, et seq. (West 1999), must be pursued by mandamus. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex.1996). The contractual arbitration clause in this case does not specifically invoke either the Texas Arbitration Act or the Federal Arbitration Act, and the trial court made no ruling on which Act applies.

■ The Federal Arbitration Act governs a written arbitration clause in "a contract evidencing a transaction involving commerce...." 9 U.S.C.A. § 2. This provision extends to any transaction affecting commerce and is coextensive with the reach of the Commerce Clause of the United States Constitution. *Allied–Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 273–277, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); *see In re L & L Kempwood Assocs.*, 9 S.W.3d 125, 127 (Tex.1999). A contract "evidenc[es] a transaction involving commerce" if it in fact turns out to involve interstate commerce. *Allied–Bruce*, 513 U.S. at 277–281, 115 S.Ct. 834.

■ The Pennzoil/Arnold agreement involved interstate commerce. The contract is between Pennzoil, a Nevada corporation, and Arnold, a Texas corporation; Pennzoil's letter terminating the contract is on letterhead with a Georgia address; in the course of performing the contract, Arnold's principals attended Pennzoil sales meetings in Nevada and Arizona; and Pennzoil delivered its products to Arnold's distribution center in Corpus Christi, Texas directly from Pennzoil's distribution facility in Shreveport, Louisiana. Therefore, the arbitration clause is in "a contract evidencing a transaction involving commerce ..." governed by the Federal Arbitration Act, and the trial court's order denying arbitration is not subject to interlocutory appeal. 9 U.S.C.A. § 2; *EZ Pawn*, 934 S.W.2d at 91. We therefore dismiss Pennzoil's interlocutory appeal for lack of jurisdiction.

## REQUIREMENTS FOR GRANTING A WRIT OF MANDAMUS

■ A writ of mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). With respect to factual issues, an abuse of discretion is shown if the trial court could reasonably have reached only one decision and failed to do so. *Id.* at 839–40. With respect to questions of law, however, "[a] trial court has no 'discretion.'" *Id.* at 840. Therefore, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.* The remedy by appeal is inadequate when the trial court erroneously denies a motion to arbitrate under the Federal Arbitration Act. *In re Bruce Terminix Co.*, 988 S.W.2d 702, 703–04 (Tex.1998).

## DISCUSSION

Pennzoil contends the trial court abused its discretion in denying its motion to compel arbitration because Arnold's claims are within the scope of the arbitration agreement and Pennzoil did not waive its right to arbitrate. We agree.

### Scope of the Arbitration Agreement

■ The party seeking to compel arbitration must establish an agreement by the parties to arbitrate and that the claims in the lawsuit are within the scope of the arbitration agreement. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999). To determine whether a claim falls within the scope of an arbitration agreement, we look at the terms of the agreement and the factual allegations in the petition. *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex.1995). Generally, if the facts alleged "touch matters," have a "significant relationship" to, are "inextricably enmeshed" with, or are "factually intertwined" with the contract that is subject to the arbitration agreement, the claim will be arbitrable. *See Hou–Scape, Inc. v. Lloyd*, 945 S.W.2d 202, 205–06 (Tex.App.—Houston [1st Dist.] 1997, orig. proceeding) (citing cases). However, if the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract, the claim is not subject to arbitration. *See Fridl v. Cook*, 908 S.W.2d 507, 511 (Tex.App.—El Paso 1995, writ dism'd w.o.j.). The Federal Arbitration Act favors arbitration and any doubts as to whether a claim falls within the scope of an arbitration agreement must be resolved in favor of arbitration. *Prudential*, 909 S.W.2d at 899. Thus a court should not deny a motion to compel arbitration " 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.' " *Id.* (quoting *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir.1990)).

■ The Pennzoil/Arnold agreement contains the following arbitration clause:

Any controversy or claim arising out of or relating to this Agreement, its performance or the breach thereof, shall be

settled by arbitration in accordance with the Rules of the American Arbitration Association, and the award rendered by the arbitrators shall be binding as between the parties. Judgment upon the award may be entered in any court having jurisdiction thereof. The non-prevailing party shall reimburse the prevailing party for costs an reasonable attorneys' fees incurred in the arbitration process. This provision is irrevocable.

Thus, the only disputed issue is whether this arbitration clause encompasses Arnold's claims.

Arnold's amended petition alleges that while its distributorship contract with Pennzoil was in effect, a Pennzoil manager and representatives of Golden West engaged in activity calculated to induce Arnold's customers to start buying from Golden West and to undercut Arnold's sales within its contractual service area. Their alleged purpose was to provide justification for Pennzoil to terminate its contract with Arnold and replace it with Golden West. Arnold alleges the activity caused Pennzoil to terminate its contract with Arnold and disrupted Arnold's current and future relationships with its customers. The petition alleges tortious interference with contract against Golden West and civil conspiracy and tortious interference with prospective business relationships against both Pennzoil and Golden West.

Arnold's conspiracy claim against Pennzoil clearly relates to the distributorship contract; there would be no controversy had Pennzoil not terminated Arnold's distributorship contract. Arnold's claim of tortious interference with future business is based on its contention that Pennzoil's termination of the contract caused Arnold to lose future business with existing customers. The petition does not allege any tortious acts by Pennzoil occurring *after* termination of the contract. Thus this claim too is factually interwoven with and "relates to" the contract and its performance. *See American Employers' Ins.*

*Co. v. Aiken,* 942 S.W.2d 156, 160 (Tex. App.—Fort Worth 1997, no writ).

### Waiver

Arnold contends Pennzoil waived its right to arbitrate. We disagree.

 Whether a party has waived its arbitration rights is a question of law. *Terminix,* 988 S.W.2d at 703–04. The Federal Arbitration Act "imposes a strong presumption against waiver," *id.* at 704, and "the burden to prove waiver is a heavy one." *EZ Pawn,* 934 S.W.2d at 90; *see Walker v. J.C. Bradford & Co.,* 938 F.2d 575, 577 (5th Cir.1991). As the party opposing arbitration, Arnold has the burden to establish both that Pennzoil substantially invoked the judicial process before seeking arbitration and that Arnold was materially prejudiced by the delay. *See Subway Equip. Leasing Corp. v. Forte,* 169 F.3d 324, 326–27 (5th Cir.1999); *Walker,* 938 F.2d at 578; *EZ Pawn,* 934 S.W.2d at 89.

 Arnold alleges it was prejudiced by the significant resources it expended in providing discovery and responding to Pennzoil's motion for summary judgment. However, Arnold did not submit any evidence to the trial court in support of its general allegations. "[G]eneralized protestations about the costs of delay are insufficient to overcome the strong federal presumption in favor of arbitration." *Walker,* 938 F.2d at 578. Moreover, the record supports Pennzoil's argument that Arnold suffered no prejudice because, even if arbitration had occurred much earlier, Golden West, which is not a party to the arbitration agreement, would have obtained substantially the same discovery and filed the same motion for summary judgment. Arnold's claims against Golden West are essentially the same as its claims against Pennzoil. Golden West's attorneys consumed over two-thirds of the time spent deposing Arnold's wit-

nesses. And Golden West filed the motion for summary judgment jointly with Pennzoil, based on the same grounds. Because Arnold made no attempt to show the time and expenses it incurred or that it would not have engaged in essentially the same discovery and responded to the same motion for summary judgment had Pennzoil demanded arbitration earlier in the litigation, it failed to show it was prejudiced in this respect.

Arnold also generally alleges it has been prejudiced by the discovery because "[m]uch of the material sought by Pennzoil would not be available to [it] in an arbitration proceeding." However, Arnold has not identified the discovery requests it contends are outside the scope of the discovery that could be obtained in arbitration. Nor has Arnold shown that it in fact provided any of this material to Pennzoil.[2] Further, Arnold makes no effort to explain why Pennzoil could not have obtained discovery in an arbitration proceeding, other than to cite to cases that generally state discovery is more limited in arbitration proceedings. The only evidence submitted to the trial court was the AAA Commercial Arbitration Rules, which provide for "exchange of information" and give the arbitrator discretion "to arrange for the production of relevant documents and other evidence" before the arbitration. COMMER-CIAL ARBITRATION RULES, Rule 10 (American Arbitration Ass'n 1988). On this record, the trial court could not reasonably have found material prejudice to Arnold.

## CONCLUSION

We hold the parties' arbitration agreement is governed by the Federal Arbitration Act, Arnold's claims against Pennzoil are within the scope of the agreement, and

Arnold did not meet its burden to prove Pennzoil waived its right to arbitrate. The trial court thus abused its discretion by denying Pennzoil's motion to compel arbitration. We dismiss Pennzoil's accelerated appeal for lack of jurisdiction and conditionally grant the writ of mandamus. The writ will issue only if the trial court does not, within ten days of the date of this opinion, vacate its order of January 14, 2000 and enter an order compelling arbitration of the claims between Arnold and Pennzoil.

Concurring opinion by PHIL HARDBERGER, Chief Justice.

PHIL HARDBERGER, Chief Justice, concurring.

I reluctantly concur in the majority's judgment. Existing law compels our reversal of the trial court's order denying arbitration. The result is that Pennzoil gets the best of both worlds: discovery and arbitration. In this case, the stringent burden of proof Arnold was required to meet to prove waiver, coupled with the fact that Pennzoil filed its motion for summary judgment "subject to" its motion to compel, preclude this court from affirming the trial court's order. But the trial court's ruling is more equitable than our own.

During oral argument, Pennzoil's attorney stated that Pennzoil filed its motion for summary judgment "subject to" its motion to compel, and Pennzoil had no control over the order in which the motions were considered by the trial court. Pennzoil filed the motions on the *same* day and requested the trial court to set the motions for hearing on the *same* day. This is no accident. Pennzoil could have requested that the motion to compel be set for a hearing on a date prior to the date the

---

**2.** The record does not contain Arnold's responses to Pennzoil's first set of interrogatories and requests for production nor does it reflect that Arnold provided responses. Arnold objected to most of Pennzoil's second request for production of documents and the record reflects it produced only fifteen pages

of reports, which were generated by Pennzoil. This second request was the subject of Pennzoil's motion to compel. Although the record reflects the motion was set for hearing, it does not reflect whether any order was entered or whether Arnold produced any additional documents.

motion for summary judgment was set. Pennzoil chose not to, but the choice is understandable. In this case, it allowed Pennzoil an opportunity to obtain a summary judgment or, if that failed, to compel arbitration. We have no reporter's record from the hearing on the motions, so we cannot ascertain whether Pennzoil requested the trial judge to decide the motion to compel first. We do know that the trial judge decided the motion for summary judgment before it ruled on the motion to compel. And, we know that the trial judge ruled against Pennzoil, denying it the requested summary judgment. Had the trial judge ruled otherwise, we would not be addressing the order on the motion to compel today.

Although the issue of whether a party has waived its right to arbitration is one of law, the findings upon which the conclusion is based are predicated on questions of fact, which may not be overturned unless clearly erroneous. *See Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159, 1162 (5th Cir.1986). The predicate questions of fact are: (1) has the party seeking arbitration substantially invoked the judicial process; and (2) was the other party prejudiced. *See In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998).

The majority makes short work of the first predicate question—whether Pennzoil substantially invoked the judicial process. Pennzoil served discovery, participated in depositions, participated in a docket control conference, paid a jury fee, moved for an extension of the trial date, obtained hearings on discovery matters, entered into an agreed discovery order, and filed a no evidence motion for summary judgment "subject to" its motion to compel. A party may not move for summary judgment on the basis of no evidence until after an adequate time for discovery. *See* Tex.R. Civ. P. 166a(i). In filing its motion for summary judgment, therefore, Pennzoil was convinced that an adequate time for discovery had passed. The trial court considered all of the evidence obtained by

Pennzoil through discovery and the other actions Pennzoil had taken in ruling on the motion to compel. In view of this evidence and Pennzoil's actions, the trial court impliedly found that Pennzoil substantially invoked the judicial process. I agree.

The majority's opinion relies on the existence of a second defendant in the lawsuit to hold that Arnold failed to establish the second required fact necessary to find waiver—that Arnold was prejudiced. Ironically, however, the second defendant, Golden West, also wants to be a party to the arbitration, and under principles of equitable estoppel, Golden West may succeed. *See Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527–31 (5th Cir.2000); *MS Dealer Service Corp. v. Franklin*, 177 F.3d 942, 947–48 (11th Cir. 1999). If Golden West is successful, Pennzoil will have avoided waiver by relying on the presence of a second defendant, who will also become a party to the arbitration proceeding. I do not believe a defendant seeking arbitration should be permitted to rely on the presence of or actions taken by a second defendant if there is any possibility that the second defendant could also compel arbitration of its claims. To hold otherwise simply contributes to further gamesmanship. When our decision affects a party's fundamental right to present a case to a jury, such gamesmanship should not be tolerated.

Arnold loses because it failed to meet its burden of showing prejudice under existing law. In order to show prejudice, Arnold was required to show that the discovery undertaken prior to the date the motion to compel was filed would not have been permitted in arbitration. Although parties have no right to compel discovery in arbitration, the arbitration panel may subpoena documents and witnesses. *See St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 591 (7th Cir.1992); *Burton v. Bush*, 614 F.2d 389, 390 (4th Cir.1980). There is no evidence in our record that the arbitration panel would not have per-

502

mitted the same discovery that had been undertaken prior to the date Pennzoil filed its motion to compel.

Public policy favors arbitration. But there should be limits on when arbitration trumps the right to a jury trial. The developing case law permits a level of gamesmanship that should not be tolerated. While arbitration can be beneficial in some contexts, it has many disadvantages. *See* David F. Bragg, *Binding Arbitration: A Wolf in Contract Clothing, in* UNIV. TEX. 10TH ANNUAL CONFERENCE ON THE TEXAS DECEPTIVE TRADE PRACTICES ACT (1998) (noting disadvantages to consumers due to absence of permissible discovery, expense, potential bias of arbitrators, absence of legal qualifications of arbitrators, limited review of arbitrator's decision, and secrecy of proceedings). Parties seeking arbitration should not be permitted to take advantage of both systems.

Time and money should be a key consideration in examining prejudice even if a party potentially could obtain the same evidence in arbitration as it obtained before moving to compel arbitration. In this case, Pennzoil waited ten months and took several actions that caused Arnold to incur attorneys' fees in responding. The law should be more balanced in its consideration of the rights of both parties. A party should not be permitted to move forward with discovery to its benefit and shout "arbitration" whenever it is most advantageous.