In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-496 CV


NO. 09-03-532 CV


____________________



GRANITE CONSTRUCTION CO., Appellant



V.



MILTON BEATY, Appellee



AND



IN RE GRANITE CONSTRUCTION CO.






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 21361 and Original Proceeding






OPINION


 Granite Construction Co., ("Granite") challenges the denial of its motion to compel
arbitration of a wrongful discharge claim pursued by Milton Beaty in the 1st District Court
of Jasper County, Texas. Granite filed a petition for writ of mandamus, asking this Court
to direct the trial court to vacate the order denying the motion to compel and to enter an
order compelling the parties to proceed to arbitration under the Federal Arbitration Act
("FAA"), and contemporaneously pursued an interlocutory appeal under the Texas
Arbitration Act ("TAA"). See 9 U.S.C.A. §§ 1-16 (West 1999 & Supp. 2004); Tex. Civ.
Prac. & Rem. Code Ann. §§ 171.001-.098 (Vernon 1997 & Supp. 2004). Granite's two
issues ask: "Is there a binding agreement between Granite and Beaty to arbitrate
employment disputes?" and "Did Granite's delay in seeking to compel arbitration waive
its right to arbitrate, when there is no evidence that the delay prejudiced Beaty?" We hold
that the wrongful discharge claim falls within the scope of a valid arbitration agreement
to which the FAA applies and that Beaty failed to establish waiver. Therefore, we
conditionally grant the petition for writ of mandamus and dismiss the interlocutory appeal
for lack of jurisdiction.

 The party seeking to compel arbitration must establish the existence of an arbitration
agreement and show that the claims raised fall within the scope of the agreement. In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999). "If the arbitration
agreement encompasses the claim at issue and there are no defenses to enforcement of the
arbitration agreement itself, the trial court has no discretion but to compel arbitration and
stay its own proceedings." In re J.D. Edwards World Solutions Co., 87 S.W.3d 546, 549
(Tex. 2002). 

 Granite initiated an Employee Dispute Resolution Program ("EDRP") in 1995. The
EDRP requires employee disputes that are not resolved through Granite's internal process
to be submitted to the American Arbitration Association for either mediation or arbitration.
Beaty continued to work for Granite after the effective date of the EDRP. He sustained
an on-the-job injury in 1996 and received workers' compensation benefits and medical
treatment pursuant to workers' compensation. Beaty did not return to the job after
receiving a doctor's release for light duty work because he was not willing to give up the
workers' compensation benefits he was receiving. He resigned several months later and
in 1999 sued Granite for wrongful termination. 

 First, we must determine whether the state or the federal arbitration act controls this
case. The FAA extends to any arbitration contract affecting interstate commerce, as far
as the Commerce Clause of the United States Constitution will reach. In re FirstMerit
Bank, N.A., 52 S.W.3d 749, 754 (Tex. 2001); In re L & L Kempwood Assocs., L.P., 9
S.W.3d 125, 127 (Tex. 1999). Beaty argues that the TAA applies because his employment
was wholly within the State of Texas, and his cause of action arose in this state and
involves construction of a state statute. He resides in Texas. Granite is a California
corporation with branch offices in four states, and operations nationwide. Granite's
operations include construction of bridges and highways. Beaty was working as
construction superintendent on a bridge construction project when he sustained the on-the-job injury. In light of these facts, we conclude that Beaty's employment contract with
Granite relates to interstate commerce and the alleged arbitration agreement is subject to
the FAA. It follows that the TAA does not govern the arbitration agreement and we
therefore lack jurisdiction over the interlocutory appeal.

 Next, we must determine whether an arbitration agreement existed between the
parties. That Granite maintained an employee dispute resolution program with binding
arbitration was not disputed in the trial court. During the hearing on Granite's motion to
compel arbitration, Beaty's counsel stated to the court 

 Your Honor, the state of the law is that even in workers' comp
retaliation cases, apparently according to my research, an arbitration
agreement can be binding. The only question that we have in this case is
whether or not the waiver provision would apply, the common law waiver;
and they've taken actions that would be inconsistent with arbitration or their
desire to arbitrate. 


Counsel went on to challenge Granite's proof of the notice provided to Beaty; he stated 


 I'm going to tell you that the state of the law is that they can proceed in this
manner, given if they don't waive it, and they provide notice, and that's
where we have our two questions.

 

 Granite's proof of a binding arbitration agreement included an August 4, 1995,
memorandum announcing the program and the pamphlet that described the program, which
were mailed to Granite employees at home addresses listed on the company's payroll
record. A memorandum, dated October 4, 1995, and a second booklet were mailed to all
Granite employees not covered by collective bargaining agreements at their home
addresses. Beaty was then a Granite employee not covered by a collective bargaining
agreement; therefore, he would have been one of the recipients of the memoranda and
accompanying literature. The pamphlets described the program's arbitration procedure in
detail. One pamphlet stated:

 [I]f you accept or continue your job at Granite Construction Incorporated
after [September 1, 1995], you will agree to resolve all legal claims against
Granite Construction Incorporated through the Employee Dispute Resolution
Program which . . . includes mediation or binding arbitration through the
American Arbitration Association instead of through the court system . . .. 


Beaty continued to work for Granite after the relator established the dispute resolution
program. Beaty argued that Granite failed to prove that he personally received the
documents, but Granite offered evidence that it mailed the documents to Beaty at his home
address, and there is no evidence in the record that Beaty did not receive them. The
Supreme Court held that an arbitration agreement existed between the parties in a case with
a dispute resolution program established in a similar manner. See In re Halliburton Co.,
80 S.W.3d 566, 567 (Tex. 2002), cert. denied, Myers v. Halliburton Co., 537 U.S. 1112
(2003). This, too, "is not a case in which the written notice was contradicted by other
written or oral communications between the employer and the employee." Id. at 569. 
Beaty did not challenge the consideration for the agreement or suggest that the arbitration
agreement was supported by an illusory promise. We conclude that an arbitration
agreement existed between the parties.

 Next, we must determine whether Beaty's wrongful discharge claim falls within the
scope of the arbitration agreement. As we have already noted, Beaty conceded the point
in the hearing in the trial court. In this mandamus proceeding, however, Beaty contends
that the EDRP excludes workers' compensation discrimination claims. The first pamphlet
described claims subject to the EDRP, as follows: 

 It is important to realize that workplace disputes and legal
claims means all disputes such as discrimination based on race,
age, disability (except workers' compensation claims), national
origin, pregnancy, sexual orientation, religion, creed, color,
ancestry, marital status and medical condition, as well as those
disputes that fall under categories such as wrongful discharge,
constructive discharge, sexual harassment and other similar
areas of employment law. 


 Granite relies upon the express inclusion of "disputes that fall under categories such
as "wrongful discharge." Beaty, on the other hand, relies on the "workers' compensation
claims" exclusion from "disputes such as discrimination based on . . . disability" as
support for his argument that his wrongful discharge claim is not subject to arbitration. 
The issue is settled by the "Questions & Answers" section of the second booklet, which
includes the following: 

 What if the cause of my dispute is an on-the-job injury?


 If you need help with a problem regarding your claim for workers'
compensation or unemployment insurance benefits, you should contact the
Insurance Department at Granite.


 However, if you believe you have been fired, laid off or unjustly treated
because you filed a claim for an on-the-job injury, you would settle your
dispute through the Dispute Resolution Program.


 We hold that Beaty's wrongful discharge claim falls within the scope of the
arbitration agreement.

 Finally, we must determine whether Granite waived its right to arbitrate. There is
a strong presumption against finding that a party has waived its right to arbitrate and the
burden to prove waiver is a heavy one. See EZ Pawn Corp. v. Mancias, 934 S.W.2d 87,
89-90 (Tex. 1996). Length of delay alone is not a basis for inferring waiver. Id; In re
MONY Sec. Corp., 83 S.W.3d 279, 285 (Tex. App.--Corpus Christi 2002, orig.
proceeding). "Courts will not find that a party has waived its right to enforce an
arbitration clause by merely taking part in litigation unless it has substantially invoked the
judicial process to its opponent's detriment." In re Bruce Terminix Co., 988 S.W.2d 702,
704 (Tex. 1998). Beaty filed his suit in 1999. No activity occurred in the suit, other than
a motion to transfer venue, written discovery, two depositions (one of Beaty), and an
unsuccessful mediation. Propounding discovery will not, in and of itself, result in waiver
of the right to compel arbitration. Id. Nor does Beaty's having answered discovery
establish prejudice, as discovery is permitted under the rules of the American Arbitration
Association. Id. at 704-05. Likewise, a motion to transfer venue does not seek a final
determination of the litigation. Therefore, as in Bruce Terminix, "this is not a case in
which a party who has tried and failed to obtain a satisfactory result in court then turns to
arbitration." Id. at 704. Beaty presented no evidence that he was prejudiced by any action
or delay by Granite. He did not identify any discovery obtained by Granite through the
judicial process that Granite would not have been entitled to in arbitration. Id. at 705. 
Furthermore, Beaty made no attempt to establish the time and expenses incurred in
litigating his claim that would not have been expended in arbitration. See Pennzoil Co. v.
Arnold Oil Co., 30 S.W.3d 494, 499-500 (Tex. App.--San Antonio 2000, orig.
proceeding). Finally, he identified no prejudice caused by the delay in invoking
arbitration. Beaty has not shown that Granite waived its right to arbitrate.

 Appeal No. 09-03-496 CV is dismissed for lack of jurisdiction. The petition for
writ of mandamus filed in No. 09-03-532 CV is conditionally granted. We order
respondent to vacate his order denying arbitration in the case below and enter an
appropriate order compelling arbitration. The writ will only issue in the event the trial
court fails to act in accordance with this opinion. 

 APPEAL DISMISSED; WRIT CONDITIONALLY GRANTED.




 _____________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on February 5, 2004

Opinion Delivered February 26, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.



 DISSENTING OPINION


 I respectfully dissent. I do not believe mandamus, No. 09-03-532 CV, lies in this
instance, but interlocutory appeal is the correct vehicle. Mandamus will lie only if this
dispute is subject to the Federal Arbitration Act rather than the Texas Arbitration Act. The
majority notes Beaty "argues that the TAA applies because his employment was wholly
within the State of Texas, and his cause of action arose in this state and involves
construction of a state statute." Not only does Beaty make those arguments, they are fact. 
Yet the majority concludes "Beaty's employment contract with Granite relates to interstate
commerce" based upon the following facts: "Granite is a California corporation with branch
offices in four states, and operations nationwide. Granite's operations include construction
of bridges and highways. Beaty was working as construction superintendent on a bridge
construction project when he sustained the on-the-job injury." These facts relating to
interstate commerce are as tenuous as those in In re Nasr, 50 S.W.3d 23 (Tex. App.--Beaumont 2001)(orig. proceeding) (Burgess, J. dissenting). The majority should reject the
mandamus in this instance and overrule Nasr.

 Because the majority reaches its result in the wrong vehicle, I decline to address the
merits.


 ___________________________

 DON BURGESS

 Justice

Dissent Delivered

February 26, 2004