**PEOPLE'S CHOICE HOME LOAN, INC., Appellant,**

v.

**Maricela JIMENEZ and Enrique Jimenez, Appellees.**

No. 08–04–00374–CV.

Court of Appeals of Texas, El Paso.

Aug. 23, 2005.

See also, 225 S.W.3d 35

Gregg D. Stevens, McGlinchey Stafford, PLLC, Dallas, Jose E. Troche, El Paso, and Dee J. Kelly, Jr., Kelly, Hart & Hallman, P.C., Fort Worth, for Appellant.

Mark T. Davis, El Paso, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### OPINION

DAVID WELLINGTON CHEW, Justice.

Appellant People's Choice Home Loan, Inc. ("People's Choice") brings this accelerated interlocutory appeal, challenging the trial court's order denying its motion to abate and compel arbitration. We dismiss this appeal for want of jurisdiction.

### BACKGROUND

In December 2002, Maricela Jimenez decided to apply for a home equity loan on her El Paso residence. Mrs. Jimenez met with Octavio Realzola, a mortgage broker doing business under the assumed name of Amiracle Mortgage Group. Mr. Realzola arranged for a home equity loan through People's Choice. After the closing, Mrs. Jimenez realized that she had been overcharged in fees and other costs. People's Choice later sold the loan to GMAC Mortgage Corporation ("GMAC").

In March 2004, Mrs. Jimenez notified both People's Choice and GMAC that she was overcharged for the loan, but neither responded to her inquiry, conducted any investigation, or made any contact with her. On June 17, 2004, real parties in interest, Mrs. Jimenez and her husband Mr. Enrique Jimenez ("the Jimenezes"), filed suit against Octavio Realzola d/b/a Amiracle Mortgage Group, People's Choice, and GMAC, seeking declaratory relief in connection with the loan fees, cancellation of the loan, and the return of all sums of money paid to the defendants.

On August 19, 2004, People's Choice filed its original answer and asserted as an affirmative defense that the contract between People's Choice and the plaintiffs was governed by an arbitration agreement. On September 20, 2004, People's Choice filed a motion to abate and compel arbitration. In the motion, People's Choice asserted that the Jimenezes had signed a valid and enforceable arbitration agreement. People's Choice also alleged that the other defendants, Mr. Realzola and GMAC, were not opposed to its request for mandatory arbitration. The arbitration agreement was attached to the motion, along with an affidavit from the vice president of People's Choice as the attesting custodian of the business record.

On November 2, 2004, the Jimenezes filed a response to the motion. On November 12, 2004, the trial court conducted a hearing on the motion to compel arbitration. At the conclusion of the hearing, the trial court denied the motion.

## DISCUSSION

### JURISDICTION

People's Choice brought a mandamus proceeding in this Court, in which it asserted that the Federal Arbitration Act ("FAA") governed this case, but as a cautionary measure they have also brought this interlocutory appeal to challenge the trial court's order in the event we determined that the Texas General Arbitration Act ("TGAA") rather than the FAA applied. *See Russ Berrie & Co., Inc. v. Gantt,* 998 S.W.2d 713, 714–15 (Tex.App.-El Paso 1999, no pet.)(a party seeking enforcement of an arbitration agreement under the FAA must pursue mandamus relief, whereas a party asserting a right to arbitration under the TGAA may seek relief through an interlocutory appeal). In a decision issued this same date in the mandamus proceeding, we have determined that the FAA governs the arbitration agreement in this case and that the Jimenezes' claims are subject to arbitration. *See In re Peoples Choice Home Loan, Inc.,* 225 S.W.3d 35 (Tex.App.-El Paso 2005, orig. proceeding). Therefore, the trial court's order denying arbitration is not subject to interlocutory appeal. Accordingly, we dismiss the interlocutory appeal for want of jurisdiction. *See Pennzoil Company v. Arnold Oil Co., Inc.,* 30 S.W.3d 494, 498 (Tex.App.-San Antonio 2000, orig. proceeding).