In The

Court of Appeals

For The

First District of Texas____________


NO. 01-09-00625-CV

____________


IN RE HOUSTON AUTO M. IMPORTERS NORTH, LTD. D/B/A
MERCEDES-BENZ OF HOUSTON NORTH, Relator






Original Proceeding on Petition for Writ of Mandamus

 




MEMORANDUM OPINION


 Relator, Houston Auto M. Importers North, Ltd. d/b/a Mercedes-Benz of
Houston North ("M-B Houston") filed a petition for writ of mandamus challenging
the trial court's June 22, 2009 order denying its motion to compel arbitration and
motion to abate in the underlying lawsuit between real party in interest, Anil Sharma,
and M-B Houston for fraud, breach of warranty, negligence, negligent
misrepresentation, and breach of contract. (1) In its sole issue, M-B Houston argues that
the trial court abused its discretion by denying M-B Houston's motion to compel
Sharma to arbitrate his claims against M-B Houston. We conditionally grant the
relief requested in the petition for writ of mandamus.BACKGROUND On December 10, 2007, Sharma contracted with M-B Houston to purchase a
Mercedes-Benz S-500. The contract for sale contained an arbitration agreement,
which Sharma also signed. (2)

 According to Sharma's pleadings, he took possession of the car and was later
informed by his insurer, another dealership, and an authorized Mercedes-Benz repair
facility in the Houston metropolitan area that the car was not actually a Mercedes-Benz S-500, but was in fact an S-430. Sharma claims that there is a significant
difference in both the sales price and the market value between the two Mercedes-Benz models. On January 7, 2009, Sharma filed this lawsuit under the Texas
Deceptive Trade Practices Act, alleging violations of various laundry-list provisions
including unconscionable actions and breach of warranties. His causes of action also
included fraud, negligence, negligent misrepresentation, and breach of contract.

 On February 13, 2009, M-B Houston filed an original answer and special
exceptions requesting clarification of Sharma's claims. In April of 2009, M-B
Houston discovered the signed arbitration agreement while gathering documents in
response to Sharma's request for production. M-B Houston then submitted its motion
to abate the proceedings and compel arbitration on April 30, 2009. Approximately
one month later, M-B Houston amended its answer to also request arbitration. 

 Sharma responded to the motion for arbitration, claiming that M-B Houston
had waived its right to arbitration. The trial court held an oral hearing on June 22,
2009, after which the court denied the motion for abatement and arbitration. M-B
Houston then filed a petition for writ of mandamus challenging this denial. This
Court requested a response from Sharma, the real-party-in-interest, by July 31, 2009. 
See Tex. R. App. P. 52.4. However, as of the date of this opinion, no response has
been filed. 


JURISDICTION

 The parties do not dispute that the arbitration agreement is governed by the
Federal Arbitration Act ("FAA"). The arbitration agreement expressly provides that
the FAA will be applied. See In re Kellogg Brown & Root, 80 S.W.3d 611, 617 (Tex.
App.--Houston [1st Dist.] 2002, orig. proceeding) (holding that FAA will be applied
when parties agreement provides for application of FAA). A denial of arbitration
under the FAA may not be appealed through an interlocutory appeal, and thus, the
movant is deprived of an adequate remedy for the denial. Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 27273 (Tex. 1992). Therefore, mandamus relief is proper under
the FAA when a trial court abuses its discretion in denying a motion to compel
arbitration. Id. 

ARBITRATION

 In the trial court, Sharma acknowledged that the arbitration agreement covered
his claims and that he had signed it. However, he opposed abatement and arbitration 
by claiming that M-B Houston had waived its arbitration rights by substantially
invoking the litigation process and causing Sharma to suffer prejudice as a result. 
Thus, the validity and scope of the arbitration agreement are not in dispute in this
mandamus proceeding. The only issue before this Court is whether M-B Houston
waived its arbitration rights.

Waiver of Arbitration Agreement

 A party may waive arbitration rights "by substantially invoking the litigation
process to the other party's detriment or prejudice." Perry Homes v. Cull, 258
S.W.3d 580, 589 (Tex. 2008). However, the burden on the party claiming waiver is
relatively high, and there is a strong presumption against waiver. Id. 

 The Texas Supreme Court considers a variety of factors when determining
whether a party waived an arbitration clause, including: 


 when the movant knew of the arbitration clause;
 how much discovery has been conducted; 
 who initiated it;
 whether it relates to the merits rather than arbitrability or
standing;
 how much of it would be useful in arbitration; and
 whether the movant sought judgment on the merits.



Id. at 59192. The court has also stated that a party substantially invokes the judicial
process by "conduct[ing] full discovery, fil[ing] motions going to the merits, and
seek[ing] arbitration only on the eve of trial." In re Vesta Ins. Group, Inc., 192
S.W.3d 759, 764 (Tex. 2006). 

 In this case, Sharma argues that M-B Houston substantially invoked the judicial
process by (1) failing to claim arbitration as an affirmative defense in its original
answer (though it did raise this defense in an amended answer); (2) raising other
affirmative defenses; (3) filing special exceptions asking Sharma to clarify his claims;
and (4) responding to Sharms's requests for discovery. The record shows that M-B
Houston moved for abatement and arbitration on April 30, 2009, seventy-six days
after it filed its original answer. During that time, M-B Houston did not make any
requests for discovery, but merely responded to Sharma's requests for production. 
M-B Houston actually discovered the arbitration clause as a result of that request, and
immediately moved for abatement and arbitration. At no time did M-B Houston make
any requests for discovery, file any dispositive motions, or attend any hearings. If M-B Houston had failed to respond to the original petition, in which it made the requests
for special exceptions, it could have faced a default judgment. See In re Hawthorne
Townhomes, L.P., 282 S.W.3d 131, 141 (Tex. App.Dallas 2009, orig. proceeding). 
Similarly, it could have faced sanctions had it failed to respond to Sharma's discovery
requests. Id. In Hawthorne, the court refused to find that the defendant had waived
arbitration by doing nothing more than responding to the plaintiff. Id. Similarly, we
hold that M-B Houston did not waive arbitration by filing special exceptions or
responding to discovery.

Prejudice

 Furthermore, a party claiming waiver must also show that he would suffer
prejudice if the request for arbitration was granted. Perry Homes, 258 S.W.3d 580,
589. Although Sharma introduced no evidence of prejudice at the hearing, he claims
that the delayed request to compel arbitration, the cost of litigation up to this point,
and the need to respond to requests for special exceptions have created such
prejudice. However, Texas courts have noted that the cost of delay alone will not
constitute the prejudice needed to overcome the presumption against waiver. 
Williams Indus., Inc. v. Earth Dev. Sys Corp., 110 S.W.3d 131, 139 (Tex.
App.Houston [1st District] 2003, no pet.); Pennzoil Co. v. Arnold Oil Co., Inc., 30
S.W.3d 494, 499 (Tex. App.San Antonio 2000, orig. proceeding). Mere allegations
of the cost of delay, without further proof, will not suffice to show prejudice. 
Williams, 110 S.W.3d at 139. Also, M-B Houston requested special exceptions to
require Sharma to support his allegations with specific facts so that M-B could
prepare a defense. This also cannot constitute prejudice because Sharma has made
no showing that he would not have been required to further substantiate his
allegations in an arbitration proceeding. As such, Sharma has made no showing of
prejudice.

CONCLUSION

 We hold that the trial court abused its discretion in denying M-B Houston's
motions to compel arbitration and to abate because (1) M-B Houston did not
substantially invoke the judicial process, and (2) Sharma did not show that he would
be prejudiced by an arbitration proceeding. Accordingly, we conditionally grant the
relief requested in the petition for writ of mandamus and direct the trial court to (1)
vacate its order denying M-B Houston's motions to compel arbitration and to abate,
and (2) grant M-B Houston's motions to compel arbitration and to abate. The writ
will issue only if the trial court fails to comply.




 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.
1. The underlying lawsuit is Sharma v. Houston Auto M. Importers N., No. 2009-01157 in the 133rd District Court of Harris County, Texas, the Honorable
Jaclanel M. McFarland presiding. 
2. The arbitration agreement states in relevant part:


 You and the Dealership agree that arbitration will be the
sole method of resolving any claim, dispute, or controversy
. . . that either Party has arising from
Customer(s)/Dealership Dealings. Such Claims include,
but are not limited to the following: (1) Claims in contract,
tort, regulatory, statutory, equitable, or otherwise; (2)
Claims relating to any representations, promises,
undertakings, warranties, covenants or service . . .