

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00889-CV

**ENDURA ADVISORY GROUP, LTD.**,
Appellant

v.

Dominic **ALTOMARE**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-11780
Honorable Martha B. Tanner, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  April 8, 2015

AFFIRMED

This is an accelerated, interlocutory appeal of the trial court's order denying a motion to compel arbitration filed by appellant, Endura Advisory Group, Ltd. On appeal, Endura contends that appellee Dominic Altomare was required to arbitrate the claims he alleged against Josh Reneau in the underlying lawsuit. Endura intervened in the lawsuit and filed the motion to compel, asserting Altomare was required to arbitrate his claims based on an arbitration clause contained in a Separation Agreement entered into between Endura and Altomare. Because we hold Altomare's

claims against Reneau are not within the scope of the arbitration clause, we affirm the trial court's order.

## BACKGROUND

Endura is a Texas limited partnership engaged in the business of commercial real estate. Altomare is a real estate broker and was a limited partner in Endura until Altomare and Endura entered into a Separation Agreement in August of 2013. The Separation Agreement severed Altomare's association with Endura as a broker. In addition, Altomare resigned as a limited partner of Endura and assigned his limited partnership interest to Endura. In exchange, Altomare received monetary benefits he would not otherwise have been entitled to receive.

At the time Altomare was a broker with Endura, Reneau was a real estate agent who worked for Endura pursuant to the terms of an Associate Compensation Agreement. As a real estate agent, Reneau marketed properties owned by Endura's clients for sale or lease. In addition, Reneau contacted property owners in an effort to have them contract with Endura to market their properties.

In July of 2014, Altomare sued Reneau for breach of contract because Reneau failed to pay Altomare commissions owed to him pursuant to an agreement the two allegedly have to split commissions. As previously noted, Endura intervened in the lawsuit and sought to compel arbitration pursuant to the arbitration clause in the Separation Agreement, which stated:

> In the event there is a dispute between you and the Partnership related to your association with the Partnership or this agreement, the Dispute Resolution Policy set out in the Endura Employee Handbook will be employed which is incorporated herein as if fully set forth verbatim.

Endura asserted the release contained in the Separation Agreement covered the claims Altomare was asserting against Reneau; therefore, his claims related to the Separation Agreement and were subject to arbitration. In pertinent part, the release provided:

Other than to the broker's commissions specifically identified in this letter, in addition to the terms of the Second Amended and Restated Limited Partnership Agreement, you hereby release any claim of any kind that relates to or involves your relationship or the separation of your relationship with the Partnership that you may have or acquire against the Partnership, its related entities, officers, members, partners, limited partners, employees, directors, managers, agents, trustees, administrators, representatives, subsidiaries, affiliates, successors, and assigns. The claims you are agreeing to release include, but are not limited to, all claims, charges, complaints, liabilities, obligations, promises, agreements, contracts, damages, actions, causes of action, suits, accrued benefits or other liabilities of any kind or character, whether known or hereafter discovered, arising from or in any way connected with or related to your tenure with the Partnership and your resignation from the Partnership, . . . .

In his response to Endura's motion to compel, Altomare asserted two arguments. First, Altomare contended that Reneau was not an agent or representative of Endura encompassed within the release because Reneau was an independent contractor. Second, the "Contractual Agreement" between Altomare and Reneau was executed separate and apart from the Separation Agreement, and the "Separation Agreement has no relation to the Contractual Agreement whatsoever. . . . Therefore, the arbitration agreement incorporated within the Separation Agreement does not even apply to the present dispute."

At the hearing on Endura's motion, Altomare's attorney requested a continuance to obtain additional discovery regarding Reneau's arrangement with Endura. At that time, Altomare had not been given access to Reneau's Associate Compensation Agreement. At the conclusion of the hearing, the trial court took the matter under advisement and conducted an in-camera inspection of the Associate Compensation Agreement and the Separation Agreement. The trial court's notes state, "court finds insufficient evidence to determine Reneau meets any criteria in Separation Agreement;" however, the trial court's order generally denies the motion to compel.

Endura then filed a motion for reconsideration. At the hearing on this motion, Endura elicited testimony from one of its principals regarding Reneau's association with Endura. The trial

court again took the matter under advisement and subsequently signed an order denying the motion for reconsideration.

## STANDARD OF REVIEW AND GENERAL ARBITRATION LAW

A party seeking to compel arbitration must establish: (1) a valid arbitration agreement; and (2) the claims in dispute fall within the scope of the agreement. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). In this case, the existence of a valid arbitration agreement is not contested; therefore, the only issue is whether Altomare's claims against Reneau fall within the scope of the arbitration agreement.

"Determining whether a claim falls within the scope of an arbitration agreement involves the trial court's legal interpretation of the agreement, and we review such interpretations de novo." *McReynolds v. Elston*, 222 S.W.3d 731, 740 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Dell, Inc. v. Muniz*, 163 S.W.3d 177, 180 (Tex. App.—San Antonio 2005, orig. proceeding) (stating whether claim falls within the scope of an arbitration agreement is a question of law and is reviewed de novo). In interpreting a written contract, the court's primary concern is to ascertain the parties' true intent as expressed in the contract. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011); *Glassell Producing Co. v. Jared Res., Ltd.*, 422 S.W.3d 68, 76 (Tex. App.—Texarkana 2014, no pet.). Thus, the parties' intent is to be determined "solely by the plain language of the contract." *Glassell Producing Co.*, 422 S.W.3d at 76.[1]

"When deciding whether claims fall within an arbitration agreement, courts employ a strong presumption in favor of arbitration." *In re Rubiola*, 334 S.W.3d 220, 225 (Tex. 2011). In

---

[1] A court may consider the parties' interpretation of the contract only if the contract is ambiguous, thereby creating a fact issue on the parties' intent. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*, 341 S.W.3d 323, 333-34 (Tex. 2011). Neither party has alleged the Separation Agreement is ambiguous.

addition, courts should resolve any doubts as to the agreement's scope in favor of arbitration. *Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011).

In determining whether a claim falls within the scope of the arbitration agreement, we look to the factual allegations, not the legal claims asserted. *Glassell Producing Co.*, 422 S.W.3d at 77; *Pennzoil Co. v. Arnold Oil Co.*, 30 S.W.3d 494, 498 (Tex. App.—San Antonio 2000, no pet.). "Arbitration clauses in which the scope is defined using 'related to' and similar wide-reaching phrases are interpreted broadly." *Glassell Producing Co.*, 422 S.W.3d at 78. When a contract includes a broad arbitration clause, an allegation is within the scope of the arbitration provision if the allegation is covered by, has a significant relationship to, is inextricably enmeshed with, or is factually intertwined with the contract that contains the arbitration agreement. *Id.*; *Pennzoil Co.*, 30 S.W.3d at 498. A claim is not subject to arbitration if the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract. *Glassell Producing Co.*, 422 S.W.3d at 77; *Pennzoil Co.*, 30 S.W.3d at 498.

## DISCUSSION

Endura argues that Altomare's claims against Reneau are within the scope of the arbitration clause of the Separation Agreement because those claims were released by the agreement. Specifically, Endura argues Reneau is its agent or representative, and Altomare released all claims against Endura's agents and representatives. Similar to the arguments made in his response to Endura's motion to compel, Altomare responds that: (1) Reneau is not Endura's agent or representative; and (2) his contractual claims against Reneau are completely independent of the Separation Agreement.

We agree with Altomare that Endura reads the language of the Separation Agreement too broadly. Although the Separation Agreement releases claims against a broad group of people,

including Endura's agents and representatives, the only claims released are a "claim of any kind that relates to or involves [Altomare's] relationship or the separation of [his] relationship with the Partnership" or that relate to Altomare's "tenure with the Partnership and [his] resignation from the Partnership." Similarly, the arbitration clause is limited in scope to disputes between Altomare and Endura "related to [his] association with the Partnership or [the Separation] Agreement."

In the underlying lawsuit, Altomare's claims against Reneau are based on an alleged agreement the two made separate and apart from Endura, and that agreement between Altomare and Reneau does not relate to Altomare's relationship or tenure with the Partnership or his resignation or separation therefrom. Moreover, Altomare's claims are not a dispute between Altomare and Endura. Instead, Altomare's claims against Reneau relate to his association and agreement with Reneau, are completely independent of the Separation Agreement, and can be maintained without reference to the Separation Agreement. In sum, Altomare's claims against Reneau arise from a completely separate agreement and stand alone. Because Altomare's claims against Reneau stand alone and are completely independent of the Separation Agreement, his claims are not within the scope of the arbitration clause in the Separation Agreement, and the trial court did not err in denying Endura's motion to compel arbitration. *See Glassell Producing Co.*, 422 S.W.3d at 77; *Pennzoil Co.*, 30 S.W.3d at 498.

## CONCLUSION

The trial court's order is affirmed.

Sandee Bryan Marion, Chief Justice