# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00047-CV

**Alison Lawrence, Appellant**

**v.**

**Brian Craig Garsson, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-FM-13-005833, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alison Lawrence appeals the trial court's order granting Brian Craig Garsson's motion to confirm an arbitration award pertaining to payment of expenses by the parties under a co-ownership agreement incorporated into their agreed divorce decree. Lawrence contends that the trial court erred in confirming the award because the arbitrator exceeded his authority in entering it. We will affirm the district court's final order confirming the arbitration award and entering a monetary judgment in the amount of $45,261.80 in favor of Garsson.[1]

### DISCUSSION

The parties were divorced in 2014, and their agreed divorce decree incorporated a co-ownership agreement ("Agreement") concerning expenses, upkeep, and sale of their marital

---

[1] The final order appealed by Lawrence is styled "Amended Order on Brian Craig Garsson's Motion to Modify Confirmed Arbitration Award," which vacated the court's previous order because it contained an error in the amount awarded to Garsson, and confirmed the arbitrator's award of October 12, 2015 in the specified amount awarded to Garsson in that award.

home as well as disbursement of the net sales proceeds. The Agreement provided that Lawrence would have the exclusive right to use and occupy the home until its sale and that both parties would cooperate with and follow the recommendations of the agreed-upon realtor for marketing the property. It also contained a broad, binding arbitration provision for the resolution of disputes arising between the parties and specified the arbitrator to whom disputes would be submitted.[2]

Various disputes have arisen, been submitted to arbitration, and been resolved by arbitration awards since the decree was entered. The dispute here stems from the latest two arbitration awards: (1) the so-called "Fourth Clarified Award," entered on March 18, 2015; and (2) the so-called "Fifth Award," entered on October 12, 2015. In two issues, Lawrence contends that the arbitrator "exceeded his authority" by granting Garsson's motion to confirm the Fifth Award because the award (1) violated the "essence" of the parties' Agreement, *see Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320 (5th Cir. 1994) (stating that appellate court must sustain arbitration award even if it disagrees with arbitrator's interpretation of underlying contract as long as arbitrator's decision "draws its essence" from contract) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987)); *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1218 (5th Cir. 1990) (To "draw its essence from the contract," an arbitration award must "have a basis that is at least rationally inferable, if not obviously drawn, from the letter and purpose" of the contract) (internal citations omitted); and (2) was in direct contravention of the

---

[2] The arbitration provision reads: "In the event a dispute arises between the parties regarding the sale or listing of the property or the marketing, repairs, negotiations, etc., and such dispute cannot be resolved by direct negotiation between the parties . . . [they] agree to submit the dispute to binding arbitration."

2

Agreement's provision reciting that Garsson would be reimbursed for his home-related expenses from the net sales proceeds of the home, not in real time as a shared expense between the parties.

The Fourth Clarified Award ordered that Lawrence must vacate the home by May 1, 2015, after which date the parties would each be responsible for the timely payment of 50% each of the mortgage, ad valorem taxes, insurance, and make-ready maintenance and repairs of the home as they became due.[3] It also specified that "[i]n the event one party pays the other party's portion of an expense that qualifies, he or she shall submit proof of payment along with a copy of the bill or invoice to the other party, and the non-paying party shall reimburse the paying party within three (3) days." The Fifth Award recited that (a) Garsson had submitted to Lawrence documentation reflecting his payment of approximately $40,000 in expenses from May 1, 2015 that are the obligations of Lawrence pursuant to the Fourth Clarified Award and (b) Lawrence had failed to pay the amount or submit any documentary materials putting the amount in dispute. Accordingly, the Fifth Award granted to Garsson the requested approximately $40,000 amount plus interest and attorney's fees, as permitted by the Agreement.

As noted by the arbitrator in the Fifth Award, neither party challenged the Fourth Clarified Award by filing any timely motions to modify, vacate, or correct it. *See* Tex. Civ. Prac. & Rem. Code §§ 171.088(b) (providing that party must make application to vacate arbitration award within 90 days after receiving copy of award), .091(b) (providing same deadline for modifying or

---

[3] The Agreement had provided that Garsson was 100% responsible for these expenses as they became due but that he would be reimbursed from the net sales proceeds of the home before the proceeds were distributed to the parties in a 50/50 split (with Lawrence's 50% reduced by a specified amount to equalize the parties' property division).

correcting award); *see Black v. Shor*, 443 S.W.3d 154, 163 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (noting that legislature intended 90-day period to be limitations period after which party cannot ask court to vacate arbitration award) (citing *New Med. Horizons II, Ltd. v. Jacboson*, 317 S.W.3d 421, 428 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Furthermore, at the hearing on Garsson's motion to confirm the Fifth Award, Lawrence's counsel stipulated that the Fourth Clarified Award was agreed to by the parties, and the court accordingly confirmed that award.[4] *See* Tex. Civ. Prac. & Rem. Code § 171.087 ("Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award."); *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 161 (Tex. App.—Dallas 2008, no pet.) (noting that party's consent to entry of order waives any error contained therein except jurisdictional error). After the hearing, the trial court granted Garsson's motion to confirm the Fifth Award.

While our review of a trial court's confirmation of an arbitration award is de novo, our review is "extraordinarily narrow" because arbitration is favored as a means of dispute resolution and because courts indulge "every reasonable presumption to uphold an award, and none against it." *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85–86 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (noting that arbitration award is presumed valid and is entitled to great deference, and reviewing court "may not substitute [its] judgment merely because [it] would have reached a different decision"). Nonetheless, as Lawrence argues, an arbitration award may be vacated if an arbitrator exceeds his power, *see* Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(A); *Eurocapital Grp., Ltd. v.*

---

[4] Lawrence does not challenge the Fourth Clarified Award in this appeal.

*Goldman Sachs & Co.*, 17 S.W.3d 426, 429 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (stating that party seeking to vacate award bears ultimate burden of proving grounds for vacatur), which occurs when the arbitrator decides a matter not properly before him. *Pheng Invs., Inc. v. Rodriguez*, 196 S.W.3d 322, 329 (Tex. App.—Fort Worth 2006, no pet.); *Barsness v. Scott*, 126 S.W.3d 232, 241 (Tex. App.—San Antonio 2003, pet. denied).

"The authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication." *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 684 (Tex. App.—Dallas 2010, pet. denied). When an arbitrator's authority is challenged, our inquiry is limited to a determination of whether the arbitrator had the authority, based on the arbitration clause and the parties' submissions, to reach a certain issue, not whether the arbitrator correctly decided the issue. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 829 (Tex. App.—Dallas 2009, no pet.). While the award must be derived in some way from the wording and purpose of the agreement, we look to the result reached to determine whether the award is "rationally inferable" from the contract, *id.*, and "[a]n arbitrator has broad discretion in fashioning a remedy appropriate to the case." *Roe v. Ladymon*, 318 S.W.3d 502, 523 (Tex. App.—Dallas 2010, no pet.) (citing *American Laser Vision, P.A. v. Laser Vision Inst., L.L.C.*, 487 F.3d 255, 258–59 (5th Cir. 2007), *abrogated on other grounds by Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)).

The arbitration clause in the Agreement here was broad and encompassed any disputes between the parties "regarding the sale or listing of the property or the marketing, repairs, negotiations, etc." The Fourth Clarified Award, which neither party timely challenged, recited the

5

parties' submissions about what amounted to their fourth "dispute concerning the sale of the property. . . over matters such as [Lawrence]'s failure to sign the listing agreement, failure to provide a key to the agreed realtor [,] and failure to agree to lower the listing price upon the recommendation of the realtor." It additionally noted Garsson's allegations that he "should be given control of the sale" because Lawrence had "failed to cooperate with the realtor" and had "little or no equity remaining in the property due to the reimbursement provisions in the Agreement" and that Lawrence "should be ordered to vacate the property as recommended by the realtor."

We hold that the matters submitted to the arbitrator that led to the Fourth Clarified Award—pertaining to the sale and occupation of the property and the expenses associated therewith—were expressly or impliedly by necessity covered by the broad arbitration clause, which covered disputes "regarding the sale or listing of the property or the marketing, repairs, negotiations, *etc.*" (Emphasis added.) *See Centex/Vestal*, 314 S.W.3d at 684; *see also Pennzoil Co. v. Arnold Oil Co.*, 30 S.W.3d 494, 498 (Tex. App.—San Antonio 2000, no pet.) (noting that if facts alleged "have significant relationship to" or are "factually intertwined with" contract that is subject to arbitration agreement, claim will be arbitrable). Additionally, the result reached in the Fourth Clarified Award was "rationally inferable" from the implied and stated purpose of the parties' Agreement ("in order to market the Property for sale"), *see Ancor Holdings, LLC*, 294 S.W.3d at 829, and it was within the arbitrator's discretion to fashion a remedy, in response to Lawrence's alleged delaying tactics, through which the parties would share the same incentive to have the residence listed and sold to avoid mounting expenses. *See Roe*, 318 S.W.3d at 523.

We further hold that the matters submitted to the arbitrator that led to the Fifth Award—Lawrence's alleged failure to timely reimburse Garsson for her 50% share pursuant to the

6

provisions of the unchallenged Fourth Clarified Award—were also properly before the arbitrator because they were covered under the broad arbitration clause as having a "significant relationship to" the parties' Agreement, *see Pennzoil Co.*, 30 S.W.3d at 498, and because they naturally flowed from the unchallenged Fourth Clarified Award, which made the substantive changes about which Lawrence now complains. The Fifth Award merely reduced to a fixed sum the amount of reimbursement then due to Garsson by Lawrence, which real-time reimbursement had already been previously authorized by the Fourth Clarified Award and was not timely challenged by Lawrence, who thereby waived her right to complain about the arbitrator's alleged "exceeding his authority" by changing the timing of the reimbursement payments.[5] Given our "extraordinarily narrow" review of arbitration awards, the presumptions in favor of awards, and the circumstances here, we overrule Lawrence's issues on appeal.

## CONCLUSION

We affirm the district court's final order confirming the arbitration award of October 12, 2015.

---

[5] Lawrence also contends that the following language contained in the Fourth Clarified Award prohibited the arbitrator from awarding a sum certain to Garsson in the Fifth Award: "Any amount of reimbursement unpaid as of the time of closing shall be deducted from the appropriate party's share of the net sales proceeds at the time of the closing." We disagree. The cited language in the Fourth Clarified Award did not maintain the Agreement's provision related to timing of reimbursements but, rather, merely clarified that *if* any unpaid reimbursement obligations were outstanding at the time of closing, those amounts would be deducted from the appropriate party's share of the net sales proceeds. This provision can be read in harmony with the provision altering the obligation and timing of reimbursements to real time, and the Fifth Award's reducing to a sum the amount of reimbursement then owing to Garsson does not conflict with the Fourth Clarified Award, but rather effectuates it.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:  August 3, 2016